**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:                                    In Bankruptcy:

**DOUGLAS SCOTT SNYDER,**
                                                     Case No. 18-47723-mbm
                                                     Chapter 7
             Debtor.                                 Hon. Marci B. McIvor
_____

**TIMOTHY J. MILLER, TRUSTEE,**

        Plaintiff,
                                                     Adv. Pro. No. 18-04559-mbm
                                                     Hon. Marci B. McIvor
vs.

**DOUGLAS SCOTT SNYDER,**

        Defendant.
_____

### **FIRST SET OF DISCOVERY TO DEFENDANT**


        Plaintiff, Timothy J. Miller, Trustee, by and through his counsel, Clayson,

Schneider & Miller, P.C., submits the following for his First Set of Discovery to

Defendant, Douglas Scott Snyder, and states:

## I.  INSTRUCTIONS

### A.  Reservation of Rights; No Waiver.

These discovery requests are not intended and shall not be construed or asserted to constitute a waiver by Plaintiff of (1) any claim(s) against Defendant(s) or any other party, and/or (2) any defenses to any claim(s) by Defendant(s) or any other party.

### B.  Interrogatories.

The following Interrogatories are directed to you under the provisions of Fed. R. Civ. P. 33, made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7033. You are required to answer such Interrogatories fully and completely within thirty (30) days of service unless ordered otherwise by the Court. The information available to you shall include all information relevant under Fed. R. Civ. P. 33, as made applicable to these proceedings by Bankruptcy Rules 7033, which is within the possession or knowledge of you, your agents, employees, attorneys, or investigators, whether secured by you, your agent, your representatives, your attorneys or any other persons from whom you can obtain

this information or for which could be obtained by you from your employees, agents, attorneys, representatives, sureties or indemnitors.

The following interrogatories shall "…be answered separately and fully in writing and fully in writing under oath" pursuant to <u>Fed. R. Civ. P. 33</u>. The answers shall be signed by the person making them.

### C. <u>Requests for Admission</u>

The following requests for admissions are directed to the Defendant(s) pursuant to <u>Fed. R. Civ. P. 36</u>, as made applicable to this proceeding by <u>Fed. R. Bankr. P. 7036</u>. If you fail to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36. As is more fully set out in <u>Fed. R. Civ. P. 36(a)</u>, the Defendant(s) must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny. If the Defendant(s) object to only part of a Request, they must admit or deny the remainder of the Request. In the event that the Defendant(s) objects to or deny any Request or portion of a Request, the Defendant(s) must state the reasons for its objection or denial.

Each Request solicits all information obtainable by Defendant(s), from Defendant(s), as well as Defendant(s)' investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

### D. Requests for Production of Documents.

The following requests for documents are directed to the Defendant(s) pursuant to Fed. R. Civ. P. 34, as made applicable to this proceeding by Fed. R. Bankr. P. 7034. Defendant(s) are required to produce, at the offices of Clayson, Schneider & Miller P.C. 645 Griswold St., Suite 3900, Detroit, MI 48226 all designated documents which are in the possession, custody, or control of Defendant(s) for examination and copying. Alternatively, production will be deemed sufficient if the responsive documents are delivered to the offices of Clayson, Schneider & Miller P.C. Responses are due within thirty (30) days of the date of service of this request.

Documents must be produced pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), which states that, "unless otherwise stipulated or ordered by the court… [a] party

must produce documents as they are kept in the usual course of business or must organize them to correspond to the categories in the request".

Any and all objections to production of documents must "…state with specificity the grounds for objecting to the request, including the reasons" pursuant to <u>Fed. R. Civ. P. 34(b)(2)(B)</u>. Further, any objection "…must state whether any responsive materials are being withheld on the basis of that objection…", and must identify the withheld documents not produced and permit inspection of the rest" pursuant to <u>Fed. R. Civ. P. 34(c)(2)(C).</u>

### E. <u>Supplementation of All Responses.</u>

Pursuant to <u>Fed. R. Civ. P. 26(e)</u> as made operative in the instant proceeding by <u>Fed. R. Bankr. P. 7026</u>, the Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents shall be deemed continuing. Defendant(s) shall supplement Plaintiff's responses in accordance with <u>Fed. R. Civ. P. 26(e)</u>.

### II. <u>DEFINITION OF TERMS</u>

**A.** The term "describe in detail" means:

    **i.**    Describe fully with reference to underlying facts rather than by reference to ultimate facts or conclusions or fact or law;

    **ii.**    Where applicable, particularize as (a) time, (b) place, (c) manner; and

    **iii.**    Set forth all relevant facts necessary for a complete understanding of the act, process, event, or thing in question.

**B.** The term "document" means and includes without limitation, any of the following whether written (handwritten, types or printed); printed; and/or reproduced,, recorded, kept or maintained by any mechanical process; accounting records and data; actuarial records and data; account statements; advertisements; appointment books; calendars; circulars; communications; computations (both in existence and stored in memory components); correspondence; computerized data; computerized discs; computer memory; computer tapes; contracts; credit card bills; diagrams, data processing results; diaries; digital video; drafts; drawings; e-mails; graphs; films; financial statements; interoffice communications; invoices; journals; ledgers; letters; licenses; magazines; manuals; maps; memoranda; microfilm; and microfiche; minutes; newspaper articles; notebooks; notes; notices;

offers; opinions or reports of consultants; pamphlets; papers; periodical bulletins; photographs; plans; printouts; proposals; prospectuses; receipts; regulations; reports; reports of state and federal governments and governmental agencies; rules; tables; telegrams; telephone records; ticket stubs; time sheets and/or logs; transcripts; sketches; summaries, reports or records of telephone conversations; personal interviews, investigations or negotiations, meetings or conferences; videotapes; word processing documents; work papers; any marginal comments appearing on any document, and all other information, writings, data or records, especially those which any person might utilize as a means to refresh recollection, together with things similar to any of the foregoing, however denominated, and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. "Documents" shall further include all "writings", "recordings", "originals", and "duplicates", including, but not limited to, copies and non-identical copies (whether difference from the original because of notes or marks made on or attached to the copies, or otherwise).

**C.** The term "Discovery Requests" means Plaintiff's First Set of Discovery to Defendant.

**D.** When requested to state the "factual basis" for any answers, identify each occurrence, incident and fact upon which reliance will be based at any trial or hearing of this action to support such Answer, including:

    **i.** The date thereof;

    **ii.** The place thereof;

    **iii.** The substance in detail of each occurrence or incident and the fact upon which the answering party relies to support the allegation or answer;

    **iv.** Identification of each person who participates therein;

    **v.** Identification of each person present; and

    **vi.** The course of your knowledge thereof.

**E.** When the "identification of any document" is requested, give:

    **i.** Its date;

    **ii.** The identity of the author or addressor;

    **iii.** The identity of the addressee;

    **iv.** The identity of the recipient of all copies;

**v.** The present location thereof; and

**vi.** The identity of the person presently.

**F.** When the "identification of any person" is requested herein, give the person's:

    **i.** Name;

    **ii.** Current residential address;

    **iii.** Current telephone number;

    **iv.** Employer, if any;

    **v.** Employer's current address; and

    **vi.** Employer's current telephone number.

**G.** When requested to state the "legal basis" for any allegation or statement, state the following:

    **i.** The general legal theory(ies) and principle(s) on which you rely;

    **ii.** Set forth specifically, with complete citations, all laws, statutes, cases and authorities in support of such theor(ies) and principle(s); and

     **iii.** Relate such theor(ies) and principle(s) specifically to the facts and circumstances surrounding the pertinent aspect of your objection.

**H.** The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

**I.** The term "person" shall mean individual, partnership, corporation, limited liability company, entity, unincorporated association or trust.

**J.** The term "produce" means that the documents should be delivered to Clayson, Schneider & Miller, P.C. in accordance with the instructions set forth in paragraph I(D), *supra*.

**K.** The term "1005 Beech St." shall refer to Creditor's previous residence, located at 1005 Beech St., Bryan, OH 43506.

**L.** The term "834 Country Creek Dr." shall refer to real property located at 834 County Creek Dr., Saline, MI.

**M.** The term "Bankruptcy" shall refer to the bankruptcy of Douglas Scott Snyder, as referenced above.

**N.** The term "Creditor" shall refer to Sue A. Snyder.

**O.** The term "Debtor" shall refer to Douglas Scott Snyder.

**P.** The term "Defendant" shall refer to Douglass Scott Snyder, the Defendant in this adversary proceeding.

**Q.** The term "Petition Date" shall refer to May 29, 2018.

**R. <u>DISCOVERY REQUESTS</u>**

1.    <u>REQUEST No. 1:</u>

   **1.1.**   <u>**REQUEST FOR ADMISSION:**</u> Admit that Creditor holds a judgement against you from a lawsuit relating to your abuse of the power of attorney granted to you by Creditor.

   <u>**RESPONSE:**</u>

   **1.2.**   <u>**INTERROGATORY:**</u> If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

      **1.2.1.**   Describe in detail the factual basis for your answer or qualification, including the specific basis for said judgment and any and all defenses to said claim;

      <u>**RESPONSE:**</u>

      **1.2.2.**   Identify all persons with personal knowledge of the facts you described; and

      <u>**RESPONSE:**</u>

**1.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**1.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**2.** **REQUEST No. 2:**

**2.1.** **REQUEST FOR ADMISSION:** Admit that Creditor revoked the October 7, 2013 Power of Attorney attached as <u>Exhibit A</u> to the Plaintiff's Complaint granted to you on or around June 6, 2015.

**RESPONSE:**

**2.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**2.2.1.** Describe in detail the factual basis for your answer or qualification.

**RESPONSE:**

**2.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**2.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to any executed documents, notices, or otherwise regarding the October 7, 2013 Power of Attorney granted to and revoked from you by Creditor.

**RESPONSE:**

**2.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**3.** **REQUEST No. 3:**

**3.1.** **REQUEST FOR ADMISSION:** Admit that on June 10, 2014, Creditor issued a second Power of Attorney which was only effective upon a determination that Creditor was deemed mentally incompetent by a medical doctor.

**RESPONSE:**

**3.2.**    <u>**INTERROGATORY:**</u> If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

   **3.2.1.**    Describe in detail the factual basis for your answer or qualification, including but not limited to any evidence that Creditor did not grant a Power of Attorney to Defendant that was contingent upon a medical doctor's finding that Creditor was mentally incompetent;

   <u>**RESPONSE:**</u>

   **3.2.2.**    Identify all persons with personal knowledge of the facts you described; and

   <u>**RESPONSE:**</u>

   **3.2.3.**    Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to any medical reports concerning Creditor's mental competence, and Power of Attorney or other testamentary document.

   <u>**RESPONSE:**</u>

**3.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

4. **REQUEST No. 4:**

**4.1.** **REQUEST FOR ADMISSION:** Admit that on January 10, 2017 Creditor revoked any authority whatsoever for Defendant to act under any power of attorney previously signed or otherwise.

**RESPONSE:**

**4.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**4.2.1.** Describe in detail the factual basis for your answer or qualification, including, but not limited to any evidence that Creditor did not revoke all of Defendant's authority to act on her behalf via Power of Attorney or otherwise;

**RESPONSE:**

**4.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**4.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**4.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**


**5.** **REQUEST No. 5:**

**5.1.** **REQUEST FOR ADMISSION:** Admit that Creditor was never declared mentally incompetent by a medical doctor.

**RESPONSE:**

**5.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**5.2.1.** Describe in detail the factual basis for your answer or qualification, including but not limited to any evidence tending to show that Creditor was declared mentally incompetent by a medical doctor;

**RESPONSE:**

**5.2.2.**   Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**5.2.3.**   Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to medical records, letters, or other documentation issued by a medical doctor.

**RESPONSE:**

**5.3.**   **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

6.   **REQUEST No. 6:**

**6.1.**   **REQUEST FOR ADMISSION:** Admit that Defendant did not live with Creditor until 2016 when they moved into 834 Country Creek Dr.

**RESPONSE:**

**6.2.** __INTERROGATORY:__ If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

    **6.2.1.** Describe in detail the factual basis for your answer or qualification, including the specific period(s) of time that the Defendant lived with the Creditor.

    __RESPONSE:__

    **6.2.2.** Identify all persons with personal knowledge of the facts you described; and

    __RESPONSE:__

    **6.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

    __RESPONSE:__

**6.3.** __REQUEST TO PRODUCE:__ Produce any and all documents identified in response to the preceding interrogatory.

__RESPONSE:__

**7. REQUEST No. 7:**

**7.1. REQUEST FOR ADMISSION:** Admit that on September 1, 2016, under the false authority of an ineffective Power of Attorney for Creditor, Defendant sold 1005 Beech St.

**RESPONSE:**

**7.2. INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**7.2.1.** Describe in detail the factual basis for your answer or qualification, including any legally effective authority Defendant had to sign any documents or dispose of any of Creditor's property;

**RESPONSE:**

**7.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**7.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to any documents executed

by Creditor that purported to give Defendant authority to act on her behalf regarding any financial transactions.

**RESPONSE:**

**7.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**8.** **REQUEST No. 8:**

**8.1.** **REQUEST FOR ADMISSION:** Admit that Defendant accessed Creditor's financial bank accounts for transaction without legal authority to do so from Creditor.

**RESPONSE:**

**8.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**8.2.1.** Describe in detail the factual basis for your answer or qualification, including but not limited to any evidence of Defendant's authority to access Creditor's financial accounts and make transactions on behalf of Creditor;

**RESPONSE:**

**8.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**8.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**8.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**9.** **REQUEST No. 9:**

**9.1.** **REQUEST FOR ADMISSION:** Admit that without explicit authority from Creditor to do so, Defendant used Creditor's funds to purchase real property titled in Defendant's name, and located at 834 County Creek Dr. for the sum of $280,000.00.

**RESPONSE:**

**9.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**9.2.1.** Describe in detail the factual basis for your answer or qualification, including any specific authorization provided by the Creditor.

**RESPONSE:**

**9.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**9.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**9.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

10. **REQUEST No. 10:**

   10.1. **REQUEST FOR ADMISSION:** Admit that without any legal authority to do so, Defendant sold, transferred, or otherwise converted Creditor's property valued in excess of $370,000.00, including Creditor's jewelry and financial accounts.

   **RESPONSE:**

   10.2. **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

      10.2.1. Describe in detail the factual basis for your answer or qualification;

      **RESPONSE:**

      10.2.2. Identify all persons with personal knowledge of the facts you described; and

      **RESPONSE:**

      10.2.3. Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

      **RESPONSE:**

**10.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**11.** **REQUEST No. 11:**

**11.1.** **REQUEST FOR ADMISSION:** Admit that without legal authority to do so, Defendant sold Creditor's Infiniti Q45 vehicle in March of 2017 for $26,000.00 and Toyota Camry vehicle in June of 2017 for $5,100.00.

**RESPONSE:**

**11.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**11.2.1.** Describe in detail the factual basis for your answer or qualification, including facts that support any asserted authority;

**RESPONSE:**

**11.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**11.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**11.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

## 12. **REQUEST No. 12:**

**12.1.** **REQUEST FOR ADMISSION:** Admit that Defendant converted or otherwise transferred the proceeds from the sale of the Infiniti 645 and Toyota Camry vehicles without legal authority to do so from Creditor.

**RESPONSE:**

**12.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**12.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

**12.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**12.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**12.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**13.** **REQUEST No. 13:**

**13.1.** **REQUEST FOR ADMISSION:** Admit that Defendant has not accounted for the disposition of the proceeds from the sale of the Inifinti Q45 and Toyota Camry Vehicles in his bankruptcy.

**RESPONSE:**

**13.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**13.2.1.** Describe in detail the factual basis for your answer or qualification, including the specific disposition of said funds;

**RESPONSE:**

**13.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**13.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**13.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

14.    **REQUEST No. 14**:

14.1.    **REQUEST FOR ADMISSION**: Admit that Defendant has not accounted for the source of $21,000.00 deposited to his account on on February 7, 2017, nor the disposition of the subsequently withdrawn funds in this bankruptcy proceeding

**RESPONSE**:

14.2.    **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

14.2.1.    Describe in detail the factual basis for your answer or qualification, including the source of funds deposited and the disposition of said funds;

14.2.2.    **RESPONSE:**

14.2.3.    Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**14.2.4.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**14.3.** **REQUEST TO PRODUCE**: Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**15.** **REQUEST No. 15**:

**15.1.** **REQUEST FOR ADMISSION**: Admit that Defendant is unable to account for the source of the $6,000 deposited to his Northstar bank account on April 4, 2017, nor the disposition of funds withdrawn thereafter.

**RESPONSE:**

**15.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**15.2.1.** Describe in detail the factual basis for your answer or qualification, including a specific accounting of the disposition of the $6,000.00;

**RESPONSE:**

**15.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**15.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**15.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**15.4.** **RESPONSE**:

16.    **REQUEST No. 16**:

16.1.    **REQUEST FOR ADMISSION**: Admit that Defendant failed to produce certain financial account statements in violation of Bankruptcy Court Order.

**RESPONSE:**

16.2.    **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

16.2.1.    Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

16.2.2.    Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

16.2.3.    Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**16.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**17.** **REQUEST No. 19**:

**17.1.** **REQUEST FOR ADMISSION**: Admit that Defendant transferred real property located at 834 Country Creek Dr. to Creditor in partial satisfaction of the judgment Creditor obtained from the lawsuit filed against Defendant in 22nd Circuit Court of Michigan.

**RESPONSE:**

**17.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**17.2.1.** Describe in detail the factual basis for your answer or qualification, including the specific motivations of the Defendant concerning this transfer;

**RESPONSE:**

**17.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**17.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**17.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**18.** **REQUEST No. 18**:

**18.1.** **REQUEST FOR ADMISSION**: Admit that the balance of Creditor's judgment against Defendant is $1.2 million.

**RESPONSE:**

**18.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**18.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

**18.2.2.**     Identify all persons with personal knowledge of the facts you

described; and

**RESPONSE:**

**18.2.3.**     Identify all documents which in any manner support, evidence,

comment on, pertain to, mention, or reflect the facts you

described.

**RESPONSE:**

**18.3.**     **REQUEST TO PRODUCE:** Produce any and all documents

identified in response to the preceding interrogatory.

**RESPONSE**:

19.    **REQUEST No. 19**:

19.1.    **REQUEST FOR ADMISSION**: Admit that at Defendant's examination by the Plaintiff, held by Plaintiff pursuant to Fed. R. Bankr. P. 2004, Defendant was unable to account for the disposition of funds from the liquidation of Creditor's assets, was unable to account for specific transactions within his bank account records, and falsely stated he had authority to liquidate Creditor's assets as described in Plaintiff's Complaint.

   **RESPONSE:**

19.2.    **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

19.2.1.    Describe in detail the factual basis for your answer or qualification;

   **RESPONSE:**

19.2.2.    Identify all persons with personal knowledge of the facts you described; and

   **RESPONSE:**

**19.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**19.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**20.** **REQUEST No. 20**:

**20.1.** **REQUEST FOR ADMISSION**: Admit that Defendant concealed, destroyed, or failed to keep or preserve recorded information, including books, documents, records, and papers from which Plaintiff might ascertain Defendant's financial condition, specifically with regard to the disposition of funds withdrawn from Creditor's financial accounts or otherwise fraudulently liquidated for the Creditor.

**RESPONSE:**

**20.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**20.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

**20.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**20.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**20.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**21.** **REQUEST No. 21**:

**21.1.** **REQUEST FOR ADMISSION**: Admit that Defendant knowingly and fraudulently made a false oath in connection with this case when he testified that he had authority to liquidate the Creditor's assets.

**RESPONSE:**

**21.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

    **21.2.1.** Describe in detail the factual basis for your answer or qualification;

    **RESPONSE:**

    **21.2.2.** Identify all persons with personal knowledge of the facts you described; and

    **RESPONSE:**

    **21.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

    **RESPONSE:**

**21.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**22.    REQUEST No. 22**:

   **22.1.    REQUEST FOR ADMISSION**: Admit that Defendant knowingly and fraudulently failed to explain satisfactorily, before determination of denial of discharge, a loss of assets or deficiency of assets to meet his liabilities, specifically with regard to the unexplained deposits and withdrawal from his accounts.

   **RESPONSE:**

   **22.2.    INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

   **22.2.1.    **Describe in detail the factual basis for your answer or qualification;

   **RESPONSE:**

   **22.2.2.    **Identify all persons with personal knowledge of the facts you described; and

   **RESPONSE:**

**22.2.3.** Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**22.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

**23.** **REQUEST No. 23**:

**23.1.** **REQUEST FOR ADMISSION**: Admit that Defendant refused to obey a lawful Order of this Court (Lead Case Doc # 29) to produce bank account statements and records concerning Defendant's financial affairs that are in his possession, custody, or control.

**RESPONSE:**

**23.2.** **INTERROGATORY**: If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**23.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

**23.2.2.**     Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**23.2.3.**     Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:**

**23.3.**     **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE**:

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: February 11, 2019     */s/ Peter F. Schneider*
Peter F. Schneider (P75256)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850, Ext. 4
pete@detlegal.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

**DOUGLAS SCOTT SNYDER,**

In Bankruptcy:

Case No. 18-47723-mbm
Chapter 7

Debtor.

Hon. Marci B. McIvor

_____

**TIMOTHY J. MILLER, TRUSTEE,**

    Plaintiff,

Adv. Pro. No. 18-04559-mbm
Hon. Marci B. McIvor

vs.

**DOUGLAS SCOTT SNYDER,**

    Defendant.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 11, 2019</u>, I (or an employee of Clayson, Schneider & Miller, P.C.), served the following paper(s):

| |
|---|
| Plaintiff's First Set of Discovery Requests and Certificate of Service |

on the <u>following parties</u> located at these addresses:

| United States Trustee | Defendant | Defendant's Attorney |
|---|---|---|
| 211 West Fort Street | Douglas Scott Snyder | David S. Wilkinson |
| Suite 700 | 326 East Summit St. | 23843 Joy Road |
| Detroit, MI 48226 | Ann Arbor, MI 48104 | Dearborn Heights, MI 48127 |

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send <u>electronic notification</u> of such filing to the above referenced parties (or their attorney) and any parties that requested electronic service of documents filed in this case.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: February 11, 2019         */s/ Peter F. Schneider*
Peter F. Schneider (P75256)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850, Ext. 4
pete@detlegal.com